## MILLER v STATE

Ohio Appeals, 2nd Dist, Montgomery Co

No 1355.   Decided Jan 15, 1936

Charles Folkerth, Dayton, for plaintiff in error.

192

Nicholas F. Nolan, Pros. Atty., Dayton, and Ralph Gross, Asst. Pros. Atty., Dayton, for defendant in error.

## OPINION

By BARNES, PJ.

We have read the record in its entirety and find a sharp conflict in the evidence.

The contention of the defendant is that the sale of the intoxicating liquor in question was made by another person and that he was not a participant in the transaction. The testimony on behalf of the State, as well as that of the defendant, is in accord up to a certain point, and then arises a divergence up to another point, where the conflict disappears.

The plaintiff's evidence consisted principally of investigating officers and the deputy sheriff, who accompanied them.

According to the officer who claims to have made the purchase, he visited the residence of the defendant on the day previous for the purpose of making a "buy" and at that time was advised by the defendant that he had no liquor at that moment but would have some the day following. On the day following this officer returned and opened up the negotiations with the defendant for the purchase of one-half pint of whiskey. There was present at the residence another party, and this individual actually delivered the whiskey to the officer and received the pay therefor. It is defendant's contention that he did nothing more than refer the officer to this other individual from whom such liquor might be purchased. That this party who actually made the sale asked for and procured from the defendant an empty half pint bottle.

From the testimony introduced on behalf of the state it is clearly inferable that the entire transaction for the purchase and sale was made with the defendant, and that any participation therein by a third party was necessarily at the instance and request of the defendant.

The different theories of the transaction are very well defined, and it was within the province of the trial court to accept either. The trial court concluded that the theory of the State was correct and based his finding upon that evidence.

In cross-examination of the defendant it was shown that he had a previous criminal record, and this could very properly affect the credibility of his testimony.

Considering the record as a whole, we are unable to find any prejudicial error and therefore the judgment of the trial court will be affirmed. Costs will be adjudged against the plaintiff in error.

Exceptions will be allowed.

The cause is remanded for execution of sentence.

HORNBECK and BODEY, JJ, concur.

## ON APPLICATION FOR REHEARING

Decided Feb 10, 1936

By THE COURT

The above entitled cause is now being determined on application of plaintiff in error for rehearing. We think the original opinion covers all grounds of error and we find nothing in the application for rehearing demanding further consideration. We adhere to our original opinion.

The application for rehearing will be overruled.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.